UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1599 AGF |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's application for reimbursement of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).  The total amount requested is $4,808.90, representing 23.4 hours of attorney work at $186.62 per hour, 3.1 hours of paralegal work at $100.00 per hour, and 2.2 hours of administrator work at $60.00 per hour.  Plaintiff requests that, if granted, the EAJA award of fees be paid directly to his attorney rather than to Plaintiff.

The Commissioner offers no objection to an award of fees or to the amount sought.  But the Commissioner notes that the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States in accordance with *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should, therefore, be substituted for Michael J. Astrue as the Defendant in this suit. No further action need to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The Court finds that Plaintiff=s request for attorney=s fees is supported by appropriate documentation.  In addition, Plaintiff is the prevailing party in this action inasmuch as the Court entered a judgment on March 1, 2013, reversing the decision of the Commissioner and remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. ' 405(g).

The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff.  *Id.* at 2529.  In *Ratliff*, the Supreme Court, addressing the meaning of "prevailing party" for purposes of an EAJA award, held that the Government=s history of paying EAJA awards directly to attorneys where the Plaintiff had no federal debt and had assigned the right to receive the fees to his attorney, did not alter the Supreme Court=s interpretation of the EAJA requirement that an award of attorney=s fees be made directly to the "prevailing party."  *Id.* at 2529.  The Court will adhere to the Supreme Court's directive in *Ratliff* that under the EAJA, an award of attorney=s fees be made directly to the "prevailing party."

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff=s application for attorney=s fees is **GRANTED** in the amount of $4,808.90.  (Doc. No. 24.)

**IT IS FURTHER ORDERED** that said award shall be made payable to Plaintiff.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2013.